**Frank John STANGEL, Appellant,**

v.

**Lanny Elmo PERKINS, Appellee.**

No. 05–01–00924–CV.

Court of Appeals of Texas, Dallas.

Aug. 8, 2002.

Rehearing Overruled Nov. 13, 2002.

Walter W. Leonard, Fort Worth, Frank John Stangel, Oth Stangel, Irving, for appellant.

Alison H. Moore, Thompson Coe Cousins & Irons, L.L.P., Dallas, for appellee.

Before Justices MOSELEY, FARRIS,[1] and ROSENBERG.[2]

## OPINION

Opinion By Justice ROSENBERG (Assigned).

In this legal malpractice case, Frank John Stangel sued Lanny Elmo Perkins, alleging damages arising from the determination of income tax liability in a bankruptcy proceeding. In three issues, Stangel contends the trial court erred in refusing to file findings of fact and conclusions of law and causing the premature cessation of discovery. In additional issues, Stangel challenges the trial court's grant of summary judgment on the basis of res judicata in Perkins's favor. Because the trial court is not required to file findings of fact and conclusions of law in a summary judgment proceeding and a final judgment on a fee application in bankruptcy court is res judicata as to a legal malpractice action subsequently filed in state court that concerns the same professional services for which fees were awarded in the bankruptcy proceeding, we resolve Stangel's issues against him and affirm summary judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 2, 1996, Stangel retained Perkins to represent him in a previously filed Chapter 13 bankruptcy case and related disputes with the Internal Revenue Service (IRS). Perkins represented Stangel in the United States Bankruptcy Court for the Northern District of Texas in the matter. On May 30, 1997, the adversary proceeding was tried, and the bankruptcy court found Stangel owed a significant amount of tax payments. Following this proceeding, Perkins withdrew as counsel for Stangel and was replaced. Thereafter, Perkins filed applications with the bankruptcy court seeking approval of fees. Stangel objected to the requests, and the contested matter was heard before the bankruptcy court on September 12, 1997. At the close of the hearing, the bankruptcy court rendered judgment granting Perkins $5,000 in attorneys' fees to be paid by the guarantor, another party aligned with Stangel in the bankruptcy action.

On August 9, 1999, Stangel filed this suit against Perkins, alleging that Stangel discovered after the trial of the adversary proceeding that Perkins was not a fully-licensed certified public accountant (CPA) authorized to represent clients in tax

---

1. The Honorable David F. Farris, Retired Justice, Second District Court of Appeals, Fort Worth, Texas, sitting by assignment.

2. The Honorable Barbara Rosenberg, Former Justice, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

preparation and audits, as he had represented himself to Stangel when Stangel hired him as an attorney, and that Perkins decided not to pursue damage claims against other entities without informing Stangel or advising him that he should seek other counsel to pursue those claims. Stangel asserted claims for malpractice, breach of fiduciary duty, breach of warranty, and deceptive trade practices and sought economic and mental anguish damages. Perkins filed a motion for summary judgment on all claims, asserting all claims were barred by res judicata and that mental anguish damages were unavailable in legal malpractice cases. Stangel responded to the motion. The trial court granted summary judgment in Perkins's favor. Subsequently, Stangel filed a motion for new trial, which was denied by the trial court, and this appeal followed.

### FAILURE TO FILE FINDINGS OF FACT AND CONCLUSIONS OF LAW

In his first and second issues, Stangel contends the trial court erred in not issuing findings of fact and conclusions of law to explain the basis for its summary judgment ruling. Rule of civil procedure 296 requires a formal request within twenty days of the judgment before a trial court is obligated to make written findings of fact and conclusions of law. Tex.R. Civ. P. 296. Stangel did not file a proper and timely request. Moreover, notwithstanding Stangel's failure to preserve this complaint for review by making a proper request, see Tex.R.App. P. 33.1(a), findings of fact and conclusions of law are improper in summary judgment. *IKB Indus. (Nigeria) Ltd. v. Pro–Line Corp.*, 938 S.W.2d 440, 441 (Tex.1997). If summary judgment is proper, then there are no facts to find, and the legal conclusions have already been stated in the motion and the response. *Id.* The trial court should not

make, and the appellate court cannot consider, such findings and conclusions in connection with a summary judgment. *Id.* Therefore, we resolve Stangel's first two issues against him.

### FAILURE TO ALLOW ADEQUATE TIME FOR DISCOVERY

In his fourth issue, Stangel contends the trial court erred in prematurely granting summary judgment because the motion was filed before adequate time for discovery had passed. When a party contends that he has not had an adequate opportunity for discovery before a summary judgment hearing, he must file either an affidavit explaining the need for further discovery or a verified motion for continuance. *Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex.1996); see Tex. Rs. Civ. P. 166a(g), 251, 252. However, Stangel filed neither a motion for continuance nor an affidavit explaining the need for further discovery with the trial court before the summary judgment hearing. Accordingly, Stangel waived any argument that he was denied adequate time for discovery or that the motion was premature. *See id.* We resolve Stangel's fourth issue against him.

### THE SUMMARY JUDGMENT

In his fifth issue, Stangel contends the trial court erred in granting summary judgment in Perkins's favor. He argues that Perkins did not prove all elements of res judicata and there were material fact issues concerning Perkins's representations. Stangel claimed that the CPA misrepresentation affected his tax liability. In addition, Stangel contends that Perkins was negligent during the bankruptcy proceeding in deciding not to pursue "damage claims" other than the tax and bankruptcy matters but failing to inform Stangel of this decision and never advising Stangel

that he should seek other counsel to pursue those claims.

## Standard of Review

To be entitled to summary judgment pursuant to rule of civil procedure 166a(c), a movant must establish that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c). A defendant who conclusively proves all elements of an affirmative defense as a matter of law such that there is no genuine issue of material fact is entitled to summary judgment. *Randall's Food Mkts., Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex. 1995). To accomplish this, the defendant-movant must present summary judgment evidence that establishes each element of the affirmative defense. *Ryland Group, Inc. v. Hood,* 924 S.W.2d 120, 121 (Tex. 1996) (per curiam). Only after the defendant-movant produces evidence entitling him to summary judgment does the burden shift to the nonmovant to present evidence creating a fact issue. *Walker v. Harris,* 924 S.W.2d 375, 377 (Tex.1996). We take all evidence favorable to the nonmovant as true and indulge every reasonable inference in the nonmovant's favor. *Id.*

## Res Judicata

When a preceding lawsuit has been decided in federal court, federal law controls the determination of whether res judicata bars the present state court proceeding. *San Antonio Indep. Sch. Dist. v. McKinney,* 936 S.W.2d 279, 281 (Tex. 1996). Under federal law, the doctrine of res judicata will apply if: (1) the parties in both suits are identical; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) there is a final judgment on the merits; and (4) the same cause of action is involved in both cases.

*In re Intelogic Trace, Inc.,* 200 F.3d 382, 386 (5th Cir.2000) (addressing res judicata effect of bankruptcy fee application proceeding for accounting fees on subsequent accounting malpractice case). For the same cause of action to be involved requires the two actions be based on the "same nucleus of operative facts." *Id.* at 386 (citations omitted) (discussing transactional test enunciated in second restatement of judgments).

Perkins's evidence included documents from the bankruptcy fee application proceeding that showed Stangel and Perkins were parties in the fee application proceeding and that Stangel's corporation was also part of the proceeding and allied with Stangel, as was the guarantor, which was ordered by the court to pay Perkins's fees. Perkins's evidence showed that the bankruptcy court was competent to hear the fee application and that the bankruptcy order was a final judgment on the merits of the fee application.

Perkins's evidence included billing records showing Perkins's work on Stangel's bankruptcy and tax matters in the bankruptcy proceeding, which are the same services at issue in the malpractice claims. Further, the records also show discussion of "other matters" and an "insurance case," thus showing that Perkins and Stangel discussed "damage claims" other than tax and bankruptcy matters in connection with the legal services Perkins rendered Stangel during the bankruptcy proceeding. When a bankruptcy court determines professional fees in a fee application hearing, it impliedly determines the quality and value of those professional services. *Id.* at 387 (fee application in a bankruptcy proceeding involves provision of professional services and "the nature, the extent, and the value of such services") (quoting 11 U.S.C.A. § 330 (West Supp. 2002)). Thus, because the malpractice

claims in the present suit arose from the alleged misrepresentation and omissions in rendering the same services considered by the bankruptcy court in the fee application hearing, the two actions concern "the same nucleus of operative facts" and meet the transactional test. Therefore, there is an identity of claims between the services considered by the bankruptcy court during the fee application hearing and the subsequent malpractice suit. *Id.* at 388; *see In re Iannochino,* 242 F.3d 36, 42 n. 2, 45, 46–49 (1st Cir.2001) (concluding legal malpractice counterclaim must be brought in fee dispute in bankruptcy proceeding). Accordingly, Perkins established his defense.

■■■ Stangel responds that the bankruptcy court would not have allowed the fee claims and the malpractice claims because only ten minutes are allowed for an adversary fee hearing and the bankruptcy rules require "many months" to schedule multiple claims in a single adversary hearing. Stangel also contends that his malpractice claims include "damage claims" other than the tax matters and that he did not pursue those claims because of Perkins's negligence.

■■■ Even if all four res judicata elements are met and the two actions are the same under the transactional test, res judicata does not bar the subsequent action unless the plaintiff could and should have brought his malpractice claims in the former proceedings. *In re Intelogic Trace, Inc.,* 200 F.3d at 388. Factors in this analysis include whether the fee hearing was an adversary proceeding or contested matter, the nexus between the order awarding professional fees and the claims now being asserted, and the amount of time that has elapsed since the case commenced. *Id.* (citing *In re Howe,* 913 F.2d 1138, 1146 n. 28 (5th Cir.1990)). Additionally, res judicata will not apply if the federal court (1) lacked jurisdiction over

the omitted state law claims or (2) possessed jurisdiction over the omitted state law claims but would clearly have declined to exercise that jurisdiction as a matter of discretion. *McKinney,* 936 S.W.2d at 281.

Stangel had the burden to raise fact issues regarding these exceptions to the res judicata defense. However, Stangel did not provide any evidence that he requested and was denied a hearing on any malpractice claims. Moreover, he did not provide evidence he could not have brought the malpractice action in the bankruptcy court. He did not controvert Perkins's summary judgment evidence that included Stangel's objection to the fee application, in which Stangel objected to the fee amount on grounds that Perkins misrepresented his CPA standing to Stangel. Further, although the billing records show that Perkins and Stangel discussed "other matters" and an "insurance case," Stangel produced no evidence in response showing, by either the nature of these claims or his discussion with Perkins about these claims, that they were not the same matters involved in the current malpractice case. Thus, the record shows, first, that Stangel was aware of his misrepresentation complaints regarding the tax and bankruptcy matters in the bankruptcy proceeding and, second, that Stangel was aware of other claims he might have had during the bankruptcy proceeding. Thus, Stangel failed to create a fact issue regarding his actual or imputed awareness of his claims prior to the fee hearing. *See In re Intelogic Trace, Inc.,* 200 F.3d at 388. Further, Stangel did not create a fact issue on whether he was prevented from bringing complaints regarding the CPA misrepresentation and negligence in pursuing other claims during the bankruptcy proceeding by any time constraints imposed by the bankruptcy court or the bankruptcy rules. Accordingly, none of the exceptions

to the res judicata defense apply in this case.

Having concluded that Perkins presented evidence to support his res judicata defense and Stangel did not present any evidence creating a fact issue on any exception, we resolve Stangel's fifth issue against him.[3]

We need not address Stangel's third and sixth issues, in which he asserts that the trial court improperly granted summary judgment because there were material fact issues relating to Perkins's CPA status. *See Segrest v. Segrest,* 649 S.W.2d 610, 611 (Tex.1983) ("That the [previous] judgment may have been wrong ... does not affect application of res judicata.").

## CONCLUSION

Having resolved Stangel's issues against him, we affirm the trial court's judgment.

---

**3.** Because of our disposition of Stangel's complaint regarding the affirmative defense of res judicata, we need not address the ground concerning mental anguish damages. Furthermore, Stangel does not address that ground in this appeal.