Affirmed and Memorandum Opinion filed October 19, 2004









Affirmed
and Memorandum Opinion filed October 19, 2004.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-01435-CV

____________

 

DR. JOSEPH R.
WILLIE, SR., AND DR. JOSEPH R. WILLIE, II, Appellants

 

V.

 

PETER E. PRATT,
JR., INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, Appellee

 



 

On Appeal from the 61st
District Court

Harris County, Texas

Trial Court Cause No. 03-46840

 



 

M E M O R A N D U M   O P I N I O N

Appellants, Dr. Joseph R. Willie, Sr., and Dr. Joseph R.
Willie, II, appeal from the trial court’s granting of a no-evidence summary
judgment favoring Peter E. Pratt on appellants’ negligence and gross negligence
causes of action.  In two issues,
appellants contend that (1) a question of material fact existed precluding
summary judgment and (2) they were not given adequate time for discovery.  We affirm.

 

 








Background

In June 2000, a judgment was entered against Willie, II in a
prior lawsuit.  In July 2003, the trial
court appointed Pratt as a receiver to collect the judgment.  Pursuant to a turnover order, Pratt sent a
letter to Bank One, asking it to place a hold on any bank accounts listed for
Willie, II.  Bank One subsequently froze
an account owned by appellants’ dental partnership.  In August 2003, the final judgment and the appointment
of receiver were declared void as a matter of law because the court had lacked
jurisdiction to issue either.  The same
month, appellants filed the present suit against Pratt, in both his individual
and official capacities, alleging negligence and gross negligence.  Pratt filed a no-evidence motion for summary
judgment in October 2003, and it was granted in November 2003.

No-Evidence Motion

In their first issue, appellants argue that the trial court
erred in granting appellee’s no-evidence motion for summary judgment because
(1) Pratt is not entitled to immunity as a matter of law and (2) a material
issue of fact exists.  We disagree.

Preliminarily, appellants contend that appellee’s no-evidence
motion is legally insufficient because it fails to state the elements as to
which there is no evidence.  A respondent
may challenge the legal sufficiency of a no-evidence motion for the first time
on appeal.  See, e.g., Cuyler v. Minns,
60 S.W.3d 209, 213 (Tex. App.—Houston [14th Dist.] 2001, pet. denied).  We find that appellee’s no-evidence motion is
legally sufficient because it contains the statement, “Plaintiffs have no
evidence that they suffered any damages as alleged in their petition.”  We therefore overrule appellants’ initial
contention.








We now consider whether the trial court erred in granting
appellee’s no-evidence motion for summary judgment.  When the trial court does not specify the
basis for summary judgment, an appealing party must show that it is error to
base summary judgment on any ground asserted in the motion.  Star-Telegram, Inc. v. Doe, 915 S.W.2d
471, 473 (Tex. 1995).  In the present
case, appellants neither present any argument relating to the issue of damages
nor identify any evidence of the injuries they allegedly suffered.  Therefore, appellants have waived this issue
on appeal.  See Tex. R. App. P. 38.1(h).  Accordingly, appellants’ first issue is
overruled.

Time for Discovery

In their second issue, appellants
contend that they were given inadequate time to complete discovery before entry
of the no-evidence summary judgment. 
Texas Rule of Civil Procedure 166a(i) states that a party may move for a
no-evidence summary judgment only “[a]fter adequate time for discovery.”  Tex.
R. Civ. P. 166a(i).  The rule
requires only that there be “adequate time,” not that discovery be
completed.  Specialty Retailers, Inc.
v. Fuqua, 29 S.W.3d 140, 145 (Tex. App.—Houston [14th Dist.] 2000, pet.
denied).  An “adequate time” for
discovery is determined by the cause of action, the nature of the evidence
necessary, and the length of time the case had been active in the trial
court.  Id.  The trial court’s decision is reviewed under
an abuse of discretion standard.  Id.

When a party contends that there was
inadequate time for discovery before a summary judgment hearing, it must file
either (1) an affidavit explaining why more time is necessary or (2) a verified
motion for continuance.  See Tex. R. Civ. P. 166a(g) (affidavit
regarding time); Tex. R. Civ. P. 252
(motion for continuance); see also Tenneco Inc. v. Enter. Prods. Co.,
925 S.W.2d 640, 647 (Tex. 1996).  There
is no indication in the record that appellants did either.  Consequently, appellants waived any argument
that they did not have adequate time for discovery.  Stangel v. Perkins, 87 S.W.3d 706, 709
(Tex. App.—Dallas 2002, no pet.); Green v. City of Friendswood, 22
S.W.3d 588, 594 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).  We
overrule appellants’ second issue.

The trial court’s judgment is
affirmed.

 

/s/      Adele Hedges

Chief
Justice

 

Judgment rendered and Memorandum Opinion filed October 19, 2004.

Panel consists of Chief Justice Hedges and Justices Edelman
and Seymore.