NUMBER 13-03-00620-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

KERI D. DORNBERG,

THE ESTATE OF SANDRA ISABEL LEON, 

AND SANDRA LEON,                                                                     Appellants,

 

                                                             v.

 

TOYOTA MOTOR SALES USA, INC.

AND JOE MYERS AUTOMOTIVE, INC.,                                         Appellees.

 

     On appeal from the 280th District Court of Harris County,
Texas.

 

                       MEMORANDUM OPINION

 

                  Before Justices Hinojosa, Yañez,
and Garza

                         Memorandum
Opinion by Justice Hinojosa

 








This is a summary judgment case.  In three issues, appellants, Keri D.
Dornberg, the Estate of Sandra Isabel Leon, and Sandra Leon, contend the trial
court erred in granting summary judgment in favor of appellees, Toyota Motor
Sales USA, Inc. and Joe Myers Automotive, Inc., because the trial court erred
in (1) excluding appellants= expert witness testimony, (2) denying
appellants= motion for leave to file untimely expert
designations and motion for trial continuance, and (3) refusing to consider the
deposition transcripts submitted by appellants in opposition to summary
judgment.  We affirm.

A.  Factual and Procedural Background

On April 12, 2000, Keri Dornberg and Sandra
Isabel Leon (ALeon@) were traveling east on Interstate 10 in
Doña Ana County, New Mexico, in a 2000 Toyota 4Runner.  Leon was driving and Dornberg was the right
front-seat passenger.  In an attempt to
avoid a piece of debris on the road, Leon engaged in a series of steering
maneuvers, and ultimately the vehicle rolled over several times.  As a result of the accident, Dornberg and
Leon suffered serious injuries, and Leon subsequently died.  

On April 12, 2002, Dornberg and Sandra Leon,
individually and on behalf of the Estate of Sandra Isabel Leon, filed suit, pro
se, against Toyota Motor Manufacturing North America, Inc., Toyota Motor Sales
USA, Inc., Joe Myers Automotive, Inc., and Toyota Motor Distributors, Inc.,
alleging causes of action based on strict liability, negligence, and breach of
warranty.[1] 
Nathan Overstreet began representing Dornberg sometime in September or
October of 2002, and began representing Sandra Leon sometime thereafter.        On
May 15, 2002, the trial court entered a Docket Control Order, establishing
various pretrial deadlines and a trial date of July 14, 2003.  The deadline for designation of expert
witnesses was February 14, 2003, and the discovery deadline was May 30, 2003.








On May 22, 2003, appellees filed a
no-evidence motion for summary judgment asserting that because appellants had
failed to designate any liability experts to support their claim that a defect
in the vehicle caused their injuries, there was no evidence to support the
essential elements of appellants= claims. 
The next day appellants filed a AMotion for Leave of Court to File Late and
Untimely Expert Designations and to Conduct Discovery, to Compel Mediation, and
for a Trial Continuance.@[2]

On June 16, 2003, appellants filed their
response to appellees= no-evidence motion for summary
judgment.  Attached to the response was
the affidavit of Marianne L. Prichard, P.E., the complete deposition testimony
of Keri Dornberg, and the affidavit of Keri Dornberg.  Appellees filed a reply in support of their
motion for summary judgment and a motion to strike appellants= summary judgment evidence on June 20,
2003.  On June 24, 2003, the trial court
granted appellees= no-evidence motion for summary judgment and
ordered that appellants take nothing. 
Appellants= motion for new trial was denied, and they
filed this appeal.

                                                      B.  Summary
Judgment

In a no-evidence motion for summary
judgment, a party moves for summary judgment on the ground that there is no
evidence of one or more essential elements of a claim on which the adverse
party has the burden of proof.  Tex. R. Civ. P. 166a(I).  The burden then shifts to the non‑movant
to produce summary judgment evidence raising a genuine issue of material
fact.  Tex.
R. Civ. P. 166a(I); Gomez v. Diaz, 53 S.W.3d 573, 576 (Tex. App.BCorpus Christi 2001, no pet.).








We review a no evidence summary judgment
under the same standard as a directed verdict. 
King Ranch v. Chapman, 118 S.W.3d 742, 750‑51 (Tex. 2003).
Accordingly, we examine the record in the light most favorable to the non‑movant
and disregard all contrary evidence and inferences.  Id.; Wal‑Mart Stores, Inc. v.
Rodriguez, 92 S.W.3d 502, 506 (Tex. 2002). 
If the non‑movant produces more than a scintilla of probative
evidence to raise a genuine issue of material fact, then summary judgment is
improper.  Tex. R. Civ. P. 166a(I); Rodriguez, 92 S.W.3d at
506.  A party produces less than a
scintilla of evidence when the evidence is Aso weak as to do no more than create a mere
surmise or suspicion@ of a fact. 
King Ranch, 118 S.W.3d at 751 (quoting Kindred v. Con/Chem,
Inc., 650 S.W.2d 61, 63 (Tex. 1983)). A party produces more than a
scintilla of evidence if the evidence allows reasonable and fair‑minded
people to differ in their conclusions.  Id. (citing Merrell Dow Pharms., Inc.
v. Havner, 953 S.W.2d 706, 711 (Tex. 1997)).

C.  Expert Witness Testimony

In their first issue, appellants contend the
trial court improperly excluded the testimony of their expert, Marianne L.
Prichard.  Appellees objected to Prichard=s affidavit testimony on the grounds that
(1) appellants failed to timely designate Prichard as an expert, (2) Prichard
was not qualified to be an expert, and (3) Prichard=s testimony was unreliable.








We review a trial court's exclusion of
expert testimony for an abuse of discretion. See Gammill v. Jack Williams
Chevrolet, Inc., 972 S.W.2d 713, 718‑19 (Tex. 1998); Broders v.
Heise, 924 S.W.2d 148, 151 (Tex. 1996). 
A trial court abuses its discretion if it acts without reference to any
guiding rules or principles.  E.I. du
Pont de Nemours & Co. v. Robinson, Inc., 923 S.W.2d 549, 558 (Tex.
1995).  A reviewing court cannot conclude
that a trial court abused its discretion if, in the same circumstances, it would
have ruled differently or if the trial court committed a mere error in
judgment.  Id.  Here, the trial court=s order provides that it excluded Prichard=s testimony based on all of appellees= objections; thus, we will affirm the trial
court's ruling if any ground is meritorious. 
Cf. K‑Mart Corp. v. Honeycutt, 24 S.W.3d 357, 360 (Tex.
2000) (concluding when trial court did not specify on which ground it excluded
expert testimony, appellate court may affirm the trial court's ruling if any
ground is meritorious).








Rule 702 of the Texas Rules of Evidence
permits a witness qualified as an expert by Aknowledge, skill, experience, training, or
education@ to testify on Ascientific, technical, or other specialized@ subjects if the testimony Awill assist the trier of fact to understand
the evidence or to determine a fact in issue.@  Tex. R. Evid. 702.  To meet these standards, an expert
must not only be qualified, but his proposed testimony must be relevant and
reliable.  Volkswagen of Am., Inc. v.
Ramirez, 159 S.W.3d 897,904 (Tex. 2004); Helena Chem. Co. v. Wilkins,
47 S.W.3d 486, 499 (Tex. 2001); Robinson, 923 S.W.2d at 556.  Expert testimony is unreliable if it is not
grounded Ain the methods and procedures of science@ and is no more than Asubjective belief or unsupported
speculation.@  Ramirez,
159 S.W.3d at 904; Robinson, 923 S.W.2d at 557 (quoting Daubert v.
Merrell Dow Pharms., Inc., 509 U.S. 579, 590 (1993)).  Expert testimony is also unreliable if there
is too great an analytical gap between the data on which the expert relies and
the opinion is offered.  Ramirez,
159 S.W.3d at 904-05; Gammill, 972 S.W.2d at 727; see also Havner,
953 S.W.2d at 714 (reasoning that an expert's testimony is unreliable even when
the underlying data are sound if the expert draws conclusions from that data
based on flawed methodology).   An
impermissible analytical gap thus exists where an expert fails to demonstrate
how his observations support his conclusions, i.e., to provide some explanation
to show that Awhat he believes could have happened
actually did happen.@  Gammill,
972 S.W.2d at 727-28.

In her affidavit, Prichard states that she
reviewed the following materials: (1) the accident report; (2) photographs of
the accident vehicle; (3) photographs of the accident scene; (4) photographs of
other 4Runners with axle damage; (5) a document regarding the safety recall of
an earlier model of the 4Runner; (6) an internet article regarding the 2003
4Runner; (7) statistics for 2000 and 2001 4Runners; (8) appellees= designation of expert witnesses; and (9)
appellants= answers to appellees= interrogatories.

Prichard=s affidavit testimony then provides a list
of Aprobabilities@ that could have contributed to the
accident.  She first opines that the rear
axle failure contributed to the cause of the accident, but qualifies that
opinion by stating, AIt is unclear when the rear axle failed. . .
.  Further investigation on this matter
is warranted.@ 
Prichard next opines that the Toyota 4Runner=s high center of gravity Aprobably@ contributed to the cause of the
accident.  Finally, Prichard opines that
the 4Runner=s overall design Aprobably@ contributed to the cause of the accident. 

In forming her opinions, Prichard failed to
perform any tests on the vehicle involved in the accident[3] or on an exemplar vehicle.  In fact, Prichard=s affidavit does not show that she performed
any sort of testing whatsoever.  Further,
the affidavit states that additional investigation is required.  The affidavit states as follows:








Metallurgical testing and analysis of exemplar vehicles is necessary to
further confirm that the rear axle failure occurred as a result of the rollover
or is the result of a manufacturing defect that led to the rollover.

 

Further investigation of all 2000 Toyota 4Runner rollover accidents to
date is necessary to confirm that the rear axle failure was a producing cause
of this wreck.

 

A detailed accident reconstruction analysis including a thorough
examination of the imprints, gouge marks, yaw marks, and roadway measurements
taken at the accident scene is necessary to determine the most probable cause
of this rollover. 

 

We agree with
the trial court that Prichard=s expert testimony is nothing more than
subjective belief or unsupported speculation. 
See Ramirez, 159 S.W.3d at 904.  In Robinson, the supreme court warned
experts to avoid coming to a firm conclusion first and then doing research to
support those conclusions.  Robinson,
923 S.W.2d at 559.  Here it would be a
stretch to say that Prichard even reached a conclusion.  Prichard=s affidavit merely sets forth a list of
things that could have happened; it does not provide an opinion of what
actually did happen.  See Gammill,
972 S.W.2d at 727, 728.  Furthermore,
Prichard fails to demonstrate how any of the material reviewed supports any of
her alleged conclusions. Id. 
Accordingly, we conclude the trial court did not abuse its discretion in
excluding Prichard=s testimony as unreliable.  Appellants= first issue is overruled.

D.  Denial of Motion for Leave and Continuance

In their second
issue, appellants contend the trial court abused its discretion in denying
their motion for leave to file late and untimely expert designations and motion
for trial continuance.    








When a party contends that there was inadequate
time for discovery before a summary judgment hearing, it must file either (1)
an affidavit explaining why more time is necessary or (2) a verified motion for
continuance.  See Tex. R. App. P. 166a(g); Tex. R. Civ. P. 252 (requiring
affidavit attesting to following facts: 
testimony is material, due diligence used to procure testimony, cause of
failure to obtain testimony, testimony unavailable from another source, and
continuance not sought for delay only); see also Tenneco Inc. v. Enter.
Prods. Co., 925 S.W.2d 640, 647 (Tex. 1996).  

Here, appellants did not file a rule 166a(g)
affidavit, and their motion for continuance fails to meet the requirements of
rule 252.  See Tex. R. App. P.
166a(g); Tex. R. Civ. P.
252.  Appellants did not ask the trial
court to continue the summary judgment hearing to a later date.  Appellants asked the trial court only to
continue the trial, scheduled for July 14, 2003, to a later date.  Although appellants did attach a business
records affidavit from James Nathan Overstreet to their motion for continuance,
the affidavit does not swear to the accuracy or truth of any of the facts
stated in the motion or set forth by rule 252. 
Consequently, appellants waived any argument that they did not have
adequate time for discovery.  See
Stangel v. Perkins, 87 S.W.3d 706, 709 (Tex. App.BDallas 2002, no pet.); Green v. City of
Friendswood, 22 S.W.3d 588, 594 (Tex. App.BHouston [14th Dist.] 2000, pet.
denied).  Appellants= second issue is overruled.

Having held that the trial court properly
excluded Prichard=s testimony, the only offer of any proof of
causation for any of appellants= causes of action, we conclude the trial
court did not err in granting appellees= no-evidence motion for summary
judgment.  Therefore, it is unnecessary
to address appellants= third issue.  See Tex.
R. App. P.  47.1.

The trial court=s order granting appellees= motion for summary judgment is affirmed.

 

FEDERICO G. HINOJOSA

Justice

 

 

Memorandum
Opinion delivered and filed this

the
16th day of February, 2006.











[1] Appellants non-suited
their claims against Toyota Motor Manufacturing North America, Inc. and Toyota
Motor Distributors, Inc. on November 21, 2002.





[2] Appellants sought to
continue the trial date of July 14, 2003.





[3] Appellants failed to
secure the accident vehicle.