Affirmed and Memorandum Opinion filed March 22, 2007








Affirmed and Memorandum Opinion filed March 22, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00124-CV

____________

 

WILLIAM FRANCIS HARRIS, SR., Appellant

 

V.

 

AAMES CAPITAL CORPORATION A/K/A
AAMES CAPITAL CORP., Appellee

 



 

On Appeal from the 56th
District Court

Galveston County, Texas

Trial Court Cause No. 04-CV1116

 



 

M E M O R A N D U M   O P I N I O N

Appellant, William Francis Harris, Sr. (AHarris@), brings this
appeal following the trial court=s granting of
summary judgment in favor of appellee, Aames Capital Corporation a/k/a Aames
Capital Corp. (AAames@).  In his first
issue, Harris argues that the trial court abused its discretion by granting
summary judgment thereby denying his request for a jury trial.  In his second
issue, Harris contends that the trial court erred in failing to file findings
of fact and conclusions of law.  We affirm. 

 








I.  Background

In conjunction with its sale of certain real property
located in Galveston County, Aames demanded that Harris execute a release of
Harris= Mechanic=s Lien Affidavit
which had been filed on the property.  When Harris refused, Aames brought this
suit seeking: (1) damages from a cloud on Aames= title to the said
property, (2) removal of Harris= Mechanic=s Lien Affidavit,
the source of the cloud on Aames= title, and (3)
discharge of Aames= obligation on a surety bond it obtained
to indemnify it against Harris= mechanic=s lien.  The trial
court granted Aames= motion for summary judgment on its
claims.  Prior to the granting of summary judgment, Harris filed a request for
a jury trial.  Following the court=s granting of
summary judgment, Harris filed a request for findings of fact and conclusions
of law, which the court denied.  

II.  Analysis








In his first issue, Harris argues that the trial court
abused its discretion by granting summary judgment without granting his motion
for jury trial.  Harris contends that, under the Rules of Civil Procedure, he
has a mandatory right to a jury trial and that the trial court, by granting
summary judgment, denied him this right.  Harris bases his argument on the Ashall@ language of Rules
216 through 219.  See Tex. R.
Civ. P. 216-219.  The Ashall@ language in those
rules, however, mandates only that plaintiffs and trial courts follow certain
ministerial pre-trial procedures.  See, e.g. Tex. R. Civ. P. 216 (ANo jury trial
shall be had in any civil suit, unless a written request for a jury trial is
filed with the clerk of the court . . . .@); 217 (AThe deposit for a
jury fee shall not be required when the party shall within the time for making
such deposit, file with the clerk his affidavit to the effect that he is unable
to make such deposit . . . .@).  Nowhere do these provisions create a
mandatory right to jury trial.  Furthermore, if Harris= proposition were
accepted, then a defendant could always avoid summary judgment, no matter how
baseless his claims, by simply requesting a jury trial.  Such a result would
subvert the essential purpose of summary judgmentCAto eliminate
patently unmeritorious claims and untenable defenses.@  Casso v.
Brand, 776 S.W.2d 551, 556 (Tex. 1989) (quoting City of Houston v. Clear
Creek Basin Auth., 589 S.W.2d 671, 678 n.5 (Tex. 1979)).  As a result, we
find Harris= argument unpersuasive.  We overrule his first issue.

In his second issue, Harris argues that the trial court
erred by failing to file findings of fact and conclusions of law.  It is
well-settled that, not only does a trial court not have to file findings
of fact and conclusions of law when granting summary judgment, it is improper
for the court to do so.  IKB Industries (Nigeria) Ltd. v. Pro‑Line
Corp., 938 S.W.2d 440, 441 (Tex. 1997) (citing to Linwood v. NCNB Texas,
885 S.W.2d 102, 103 (Tex. 1994)); Baker Hughes Oilfield Operations, Inc. v.
Hennig Prod. Co., 164 S.W.3d 438, 442 (Tex. App.CHouston [14th
Dist.] 2005, no pet.); Stangel v. Perkins, 87 S.W.3d 706, 709 (Tex. App.CDallas 2002, no
pet.).  Harris= contention is therefore without merit.  We overrule
his second issue.

We affirm the judgment of the trial court.

 

 

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed March 22, 2007.

Panel consists of
Chief Justice Hedges and Justices Fowler and Edelman.